FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 3 - 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOHN ARETAKIS,

       Plaintiff,

-against-

FIRST FINANCIAL EQUITY
CORPORATION; ANNA POSSAS;
ALEXANDER ARETAKIS,

       Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**

14-cv-3888 (ENV) (LB)

VITALIANO, D.J.,

  On June 23, 2014 plaintiff John Aretakis, proceeding *pro se*, filed this lawsuit against First Financial Equity Corp. ("First Financial"), Anna Possas and Alexander Aretakis, alleging various causes of action arising from the probate of the estate of plaintiff's recently deceased uncle, Emanuel Aretakis. Plaintiff paid the filing fee to initiate this action. For the reasons discussed below, the Court dismisses the complaint with leave to re-file within 30 days.

## Background

  Aretakis is co-executor of his uncle's estate, which allegedly includes "over $2 million" in funds. (Compl. ¶¶ 29-30.) Aretakis accuses First Financial, as custodian of those funds, and his cousins Alexander Aretakis (an employee of First Financial) and Anna Possas, who, plaintiff says, serve as trustees of the estate, of unlawfully managing the decedent's assets. Specifically, Aretakis alleges that defendants established the operative trust in the Fall of 2013 while the decedent was "blind"

1

and "vulnerable." (Id. ¶¶ 21-22.) Plaintiff alleges that the operative trust is invalid because, among other things, "it was executed in a highly suspicious manner." He also accuses defendants of misappropriating funds from the estate. In that vein, Aretakis sets forth five purported "causes of action": (1) a request for an injunction barring First Financial from distributing any funds from the estate or trust, (2) "negligence," for defendants' alleged provision of false advice to plaintiff and decedent, (3) breach of contract and tortious interference with contract, as a result of defendants ignoring plaintiff's communications, (4) "abuse of the elderly, undue influence and its effects on the Plaintiff", and (5) a "whistleblower" claim against First Financial for allegedly violating unspecified SEC and FINRA regulations.

## Discussion

The Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Even a *pro se* plaintiff, however, must establish that the court of filing has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available, generally, only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[S]ubject-matter

jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Where jurisdiction is lacking ... dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Here, it appears that the Court lacks subject matter jurisdiction. As an initial matter, it is clear that there is no diversity jurisdiction under § 1332. Although Aretakis claims that the Court "has diversity jurisdiction pursuant to section 1331 and 1332," it is undisputed that both plaintiff and defendant Possas are residents of New York. (Compl. ¶¶ 3, 9-13.) As such, because all adverse parties are not completely diverse, this Court lacks diversity jurisdiction. *European Cmty. v. RJR Nabisco, Inc.*, 2014 U.S. App. LEXIS 7593, at *34 (2d Cir. 2014).

Apparently realizing after filing his complaint that this bar to jurisdiction existed, plaintiff submitted a letter stating "I will not be serving Anna Possas [in] this action, as I have researched this and [it] would destroy jurisdiction, and I request she be dismissed from this action." (July 31, 2014 Letter, dkt. # 8.) However, plaintiff cannot cure this jurisdictional defect by amending his complaint to drop Possas as a defendant because she is an indispensable party to this action. The flexible standard of Federal Rule of Civil Procedure 19(b) offers the following

3

four factors for a court to consider in determining whether a party may be dispensed with: (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action; (2) the extent to which any prejudice could be alleviated; (3) whether a judgment in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit. *CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009); Fed. R. Civ. P. 19(b).

There is no doubt that Possas is an indispensable party. Indeed, according to plaintiff, Possas has authority over estate property, and, plaintiff alleges, among other things, that she broke into the decedent's home and stole his belongings, including the original will. (See Compl. ¶¶ 16, 28.) Clearly, adequacy and judicial efficiency are served by resolving this controversy in one action, which includes Possas as a party. *See 2 Montauk Highway LLC v. Global Partners LP*, 296 F.R.D. 94, 102 (E.D.N.Y. 2013) (where "additional litigation is inevitable" without joinder, judgment without defendant is inadequate). Because the Court concludes that Possas is indispensable to the resolution of plaintiff's case, any attempt to amend the complaint to omit her as a party, so as to confer diversity jurisdiction upon the Court, would be futile. *See, e.g., LaFontaine v. Western Galleria Hotel*, 125 F.R.D. 24, 25 (D. Conn. 1988) ("Indispensable parties cannot be dropped merely to achieve complete diversity.")

Next, although Aretakis does not specifically allege that the Court possesses federal question jurisdiction, he does reference § 1331 in the complaint, and,

4

therefore the Court will consider whether any of his causes of action raise a federal claim. Plaintiff's first four causes of action [(1) a request for an injunction prohibiting distribution of the estate assets, (2) negligence, (3) breach of contract and tortious interference, and (4) abuse of the elderly] are plainly state law claims, which cannot confer federal question jurisdiction. However, reading plaintiff's complaint in the most liberal light possible, as the Court must, his final cause of action—a "whistleblower" complaint alleging violations of unspecified FINRA and SEC regulations—could be an attempt to allege a violation of federal banking law or of some other federal law. As currently constituted, however, the complaint is insufficiently detailed to allow the Court to conclude whether it possesses jurisdiction pursuant to § 1331. Accordingly, if Aretakis can plausibly plead factual—not conclusory—allegations demonstrating that a whistleblower or other claim exists under a federal statute that permits a private party the right to bring suit to vindicate rights created by that statute, the Court grants leave to submit an amended complaint within 30 days of the entry of this Order on the docket. In the alternative, plaintiff is granted leave to pursue his state law claims in a state court of appropriate jurisdiction, where, presumably, jurisdiction may be had over all defendants.[1]

---

[1] The Court further notes that certain of plaintiff's purported claims may be barred by the probate exception to diversity jurisdiction as well, though as currently constituted the complaint is insufficiently detailed to permit the Court to determine if that exception applies. See Marcus v. Quattrocchi, 715 F. Supp. 2d 524, 532 (S.D.N.Y. 2010) ("Determining whether a case falls within the

## Conclusion

For the foregoing reasons, plaintiff's complaint is dismissed with leave to re-file an amended complaint or to pursue all of his claims in a state court of appropriate jurisdiction consistent with this Memorandum & Order within 30 days of the entry of this Order on the docket. In any event, this docket will be closed, without prejudice to any state court proceeding, if plaintiff fails to file an amended complaint in this action within the time allowed.

SO ORDERED

s/Eric N. Vitaliano

_____
Eric N. Vitaliano
United States District Judge

Dated: Brooklyn, New York

August 21, 2014

---

probate exception involves a two-part inquiry: first, whether the action requires the probate or annulment of a will or the administration of a decedent's estate; and second, whether the action requires the court to dispose of property that is in the custody of a state probate court") (citations omitted); see also id. at 531 ("[T]he probate exception is narrow, and should not be used as an excuse to decline to exercise jurisdiction over actions merely because they involve a 'probate related matter.'")