```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN ARETAKIS,                              :
                                            :
                        Plaintiff,          :
                                            :
        -against-                           :
                                            :
FIRST FINANCIAL EQUITY                      :
CORPORATION; ALEXANDER                      :
ARETAKIS,                                   :
                                            :
                        Defendants.         :
------------------------------------------------------------X
```
FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 30 2014 ★

BROOKLYN OFFICE

MEMORANDUM & ORDER

14-cv-3888 (ENV) (LB)

VITALIANO, D.J.

On October 7, 2014, plaintiff John Aretakis, proceeding *pro se*, filed an amended complaint in this action against First Financial Equity Corp. ("First Financial") and Alexander Aretakis, alleging various causes of action arising from the probate of the estate of plaintiff's recently deceased uncle, Emanuel Aretakis. For the reasons discussed below, the Court dismisses plaintiff's amended complaint without prejudice to plaintiff's right to pursue any cognizable claims in a state court of appropriate jurisdiction.

## Background

On June 23, 2014, plaintiff filed the original complaint in which he alleged that First Financial, and his cousins, Alexander Aretakis and Anna Possas, had, in violation of various laws, mismanaged his uncle's trust and assets. Plaintiff is a resident of New York, as is Possas. By contrast, Alexander Aretakis is an Arizona resident, and First

1

Financial is an enterprise incorporated, and having primary offices, in Arizona. The complaint set forth five purported causes of action: (1) a request for an injunction barring First Financial from distributing any funds from the estate or trust, (2) "negligence," resulting from defendants' alleged giving of false advice to plaintiff and the decedent, (3) breach of contract and tortious interference with contract, resting on the allegation that defendants ignored plaintiff's communications, (4) "abuse of the elderly, undue influence, and its effects on [p]laintiff," and (5) a "whistleblower" claim against First Financial for allegedly violating unspecified SEC and FINRA regulations.

On September 3, 2014, the Court dismissed plaintiff's complaint with leave to file an amended complaint or to pursue all claims in a state court of appropriate jurisdiction. The ruling was based on the Court's conclusion that, as pleaded, it lacked subject matter jurisdiction. Specifically, the Court determined it lacked diversity jurisdiction under 28 U.S.C. § 1332 because Possas, being a New York resident like plaintiff, defeated complete diversity. The Court warned that plaintiff could not simply omit Possas from the complaint to cure this jurisdictional defect, because Possas, from what he did plead, is an indispensable party to this action. The Court also determined that plaintiff's complaint did not appear to raise a federal question. Reading plaintiff's complaint in the most liberal light possible, the Court determined that plaintiff's first four claims were plainly state law claims, and that plaintiff's "whistleblower" claim was insufficiently detailed to allow the Court to conclude whether it possessed jurisdiction of that putative claim pursuant to 28 U.S.C. § 1331. If choosing to submit additional facts to perfect a claim satisfying the requirements of

federal question jurisdiction, plaintiff was granted 30 days to do so in an amended complaint.

On October 7, 2014, after the 30-day deadline, plaintiff did file an amended complaint. In the amended complaint, Aretakis, notwithstanding the Court's prior caution, simply omitted Possas as a defendant. The remainder of plaintiff's amended complaint is virtually identical to the original June 23, 2014 complaint, with the exception of two new factual assertions in his "whistleblower" claim. First, Aretakis alleges that he directly communicated "with the Security and Exchange Commission and or Mary Jo White," concerning defendants' actions and, specifically, about how First Financial "has violated the law, Federal banking and Securities law and abused their own client." (Am. Compl. ¶ 114). In his second addition, Aretakis contends that "First Financial has conceded to [p]laintiff that for years they traded or managed a trust account of Emanuel Aretakis without having the trust or controlling document that governed a trust, and that First Financial never had the authority to trade or act for the decedent." (Am. Compl. ¶ 116).

## Discussion

Solicitude for a plaintiff proceeding without legal representation does not relieve the *pro se* pleader of his obligation to establish that the court of filing has subject matter jurisdiction over his action. *See, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). Even without a challenge from any party, federal courts have an independent obligation to determine whether subject matter jurisdiction exists.

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Nor does it matter that the pleader is returning for a second bite of the apple after being given the opportunity to expand on his original jurisdictional showing.[1] "Where jurisdiction is lacking . . . dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Auth. Of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Here, despite Aretakis's additional assertions in the amended complaint, it appears that the Court lacks subject matter jurisdiction. First, there is no diversity jurisdiction. As the Court warned in its earlier order, "Possas is indispensable to the resolution of plaintiff's case," and "any attempt to amend the complaint to omit her as a party, so as to confer diversity jurisdiction upon the Court, would be futile." *See, e.g., Lafontaine v. W. Galleria Hotel*, 125 F.R.D. 24, 25 (D. Conn. 1988) ("indispensable parties cannot be dropped merely to achieve complete diversity."). Lest plaintiff be confused, the Court's prior warning was not prophecy but a binding conclusion.

Now, moving on to the jurisdictional peg the Court highlighted as potentially viable, despite plaintiff's additional assertions, the amended complaint fails to allege sufficient facts to make any claim arising under any federal law plausible. In the September 3, 2014 order, the Court instructed plaintiff to amend his complaint to "plausibly plead factual—not conclusory—allegations demonstrating that a whistleblower or other claim exists under a federal statute that permits a private party the right to bring a suit to vindicate rights created by the statute." Plaintiff's

---

[1] The Court extends Aretakis's time to file an amended complaint, *nun pro tunc*, to and including the date that the amended complaint was filed.

4

allegations that he communicated with the Securities Exchange Commission or Mary Jo White about the claimed unlawful acts asserted in the complaint, and that First Financial admitted it managed Emanuel Aretakis's trust without authorization, do not plausibly plead a claim under federal law. If anything, these assertions might support a claim on behalf of the Estate of Emannuel Aretakis, but not on behalf of the plaintiff personally. Accordingly, plaintiff's amended complaint fails to establish federal question jurisdiction either. Indeed, it is clearer now than ever that, if Aretakis has any claim personally, it is in the court where the trust and assets of Emmanuel Aretakis are being, or have been, administered.

## Conclusion

For all the foregoing reasons, plaintiff's amended complaint is also dismissed without prejudice. Nothing in this Memorandum and Order shall be read to preclude plaintiff from pursuing any claims in a state court of appropriate jurisdiction either in a new or existing action or proceeding.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: Brooklyn, New York
       October 28, 2014

                                    s/Eric N. Vitaliano
                                    _____
                                    ERIC N. VITALIANO
                                    United States District Judge